**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALAN KLEIN,
on behalf of Plaintiff and
the class members described
below,

Plaintiff,

vs.

GILLESPIE AUTOMOTIVE LLC,
d/b/a Gillespie Ford,

Defendant.

**COMPLAINT – CLASS ACTION**

1. Plaintiff Alan Klein seeks damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by Defendant Gillespie Automotive LLC, d/b/a Gillespie Ford ("Gillespie Ford").

2. Plaintiff complains that Defendant placed unsolicited and unwanted telemarketing calls to Plaintiff's home phone, which is on the national "do not call" list, invading his privacy and causing the loss of time and effort.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. Robocallindex.com, YouMail Robocall Index, https://robocallindex.com/history /time last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 1367.

6. Venue in this District is proper because Plaintiff was impacted by Defendant's calls here.

7. Article III is satisfied by multiple unwanted phone calls. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020).

## PARTIES

8. Plaintiff Alan Klein is a citizen of Illinois residing in the Northern District of Illinois.

9. Defendant Gillespie Ford is an Illinois limited liability company that operates a new and used car dealership at 18834 West Grand Avenue, Gurnee, IL 60031. Its registered agent and office is Michael Gillespie at that address.

## FACTS

10. On at least March 4, 2026 and March 20, 2026 (Exhibit A), Plaintiff received telemarketing calls from Defendant on his home phone, which is on the national "do not call" list. The caller placed calls using 224-292-6731 and left voicemail messages.

11. Plaintiff's phone number has been registered on the National Do Not Call Registry since prior to the events complained of.

12. The number 224-292-6731 is answered, "Welcome to Gillespie Ford, home of the big dog."

13. The messages sought to sell cars:

> Hi. This is John from Gillespie Ford Gurnee. We have a great offer for our auto show deals with a brand new 2025 Ford Escape starting at $23,990 with up to $13,500 in savings. If you like to schedule a visit or test drive, please call us back at 224-292-6731. That's 224-292-6731. Thank you and have a great day.

14. Plaintiff did not consent to such calls.

15. Plaintiff had not done business with Defendant.

16. Plaintiff had not sought to do business or inquired about doing business with

Defendant.

17. Defendant's conduct violated the privacy rights of Plaintiff, in that he was subjected to annoying and harassing calls. Defendants' calls intruded upon the right of Plaintiff to be free from invasion of his interest in seclusion.

18. Defendants' conduct harassed Plaintiff and wasted his time, in that he had to devote energy to answering, addressing and/ or otherwise responding to unwanted calls.

19. As a result of Defendant's actions, Plaintiff suffered monetary and other damages and injury, including:

a. Use of his time;

b. Compromise of the use and enjoyment of his phone;

c. Plaintiff's phone was unusable for the duration of the calls.

d. Consumption of electricity;

e. Harassment and annoyance;

f. Plaintiff's statutory right of privacy was invaded.

**CLASS ALLEGATIONS**

20. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

21. The class consists of (a) all individuals (b) who received two or more calls from or on behalf of Defendant (c) marketing Defendant's products or services (d) received on a residential landline or cellular number listed on the national Do Not Call list (d) within a one year period (e) where at least two calls were received on or after a date four years (Count I) or three years (Count II) prior to the filing of this action.

22. Plaintiff may alter the class definitions to conform to developments in the case and discovery.

23. On information and belief, each class is so numerous that joinder of all members is not practicable.

24. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

a. Whether Defendant places calls for the purpose of selling goods or services to persons on the national Do Not Call List;

b. Whether Defendant violates the TCPA and regulations.

25. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

26. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and TCPA litigation.

27. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

**COUNT I – TELEPHONE CONSUMER PROTECTION ACT**

28. Plaintiff incorporates paragraphs 1-27.

29. The FCC regulations implementing the TCPA require telemarketers such as Defendants engaging in telemarketing to consult the national "do not call" list before making telemarketing calls.

30. 47 C.F.R. §64.1200 provides:

(a) No person or entity may:

> (3) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message that includes or introduces an advertisement or constitutes telemarketing without the prior express written consent of the called party, or that exceeds the applicable numerical limitation on calls identified in paragraphs (a)(3)(ii) through (v) of this section without the prior express consent of the called party. . . .

(c) No person or entity shall initiate any telephone solicitation to:

> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to

receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:

(i) It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the following standards:

(A) Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;

(B) Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;

(C) Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;

(D) Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.

(E) Purchasing the national do-not-call database. It uses a process to ensure that it does not sell, rent, lease, purchase or use the national do-not-call database, or any part thereof, for any purpose except compliance with this section and any such state or federal law to prevent telephone solicitations to telephone numbers registered on the national database. It purchases access to the relevant do-not-call data from the administrator of the national database and does not participate in any arrangement to share the cost of accessing the national database, including any arrangement with telemarketers who may not divide the costs to access the national database among various client sellers; or

(ii) It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed; or

(iii) The telemarketer making the call has a personal relationship with the recipient of the call. . . .

(f) As used in this section:

(1) The term advertisement means any material advertising the commercial availability or quality of any property, goods, or services. . . .

(12) The term telemarketer means the person or entity that initiates a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

(13) The term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person. . . .

(15) The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message:

(i) To any person with that person's prior express invitation or permission;

(ii) To any person with whom the caller has an established business relationship; or

(iii) By or on behalf of a tax-exempt nonprofit organization.

(16) The term unsolicited advertisement means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise.

(17) The term personal relationship means any family member, friend, or acquaintance of the telemarketer making the call. . . .

32. 47 U.S.C. §227(c)(5) provides:

(5) Private right of action

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State-

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

WHEREFORE, Plaintiff requests that the Court enter an award in favor of Plaintiff and the class and against Defendant for:

(1) Statutory damages;

(2) An injunction against further calls to Plaintiff's phone number;

(3) Costs of suit;

(4) Such other and further relief as the Court deems proper.

## COUNT II -- ILLINOIS CONSUMER FRAUD ACT

33. Plaintiff incorporates paragraphs 1-27.

34. Defendant engaged in unfair practices, in violation of 815 ILCS 505/2, by violating the TCPA.

35. Defendant's conduct is contrary to public policy as expressed in the TCPA and regulations.

35. Defendant's conduct inflicts unavoidable injury. People cannot disconnect their phones.

36. Defendant's conduct occurred in the course of trade and commerce.

37. Defendant's conduct caused monetary and other loss to Plaintiff. Plaintiff's phone was unusable for the duration of the calls. Plaintiff's statutory right of privacy was invaded.

WHEREFORE, the Court should enter an award in favor of Plaintiff and the class and against Defendants for:

(1) Actual damages;

(2) Punitive damages;

(3) An injunction against further illegal calls;

(4) Attorney's fees, litigation expenses and costs of suit;

(5) Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Heather Kolbus (ARDC 6278239 )
Caileen M. Crecco (ARDC 6343265)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Dedelman@edcombs.com
hkolbus@edcombs.com
ccrecco@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/Daniel A. Edelman*
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

T:\42472\Pleading\Complaint_Pleading.WPD